**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| GENERAL VIDEO, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>DELL INC. and DELL TECHNOLOGIES INC.,<br><br>      Defendants. | CIVIL ACTION NO. 1:24-cv-01530-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF GENERAL VIDEO, LLC'S CONDITIONALLY UNOPPOSED MOTION
TO SET _MARKMAN_ HEARING AND ENTER AMENDED SCHEDULING ORDER**

**I.      INTRODUCTION**

On February 20, 2026, Plaintiff General Video, LLC ("GV") asked counsel for Defendants Dell Inc. and Dell Technologies Inc. (collectively, "Dell") whether Dell would join GV in requesting a date for a _Markman_ hearing and a 60-day extension of other case deadlines given that claim construction briefing was completed in October 2025, general discovery was not yet open, and certain case deadlines (including final infringement and validity contentions and close of fact discovery) were fast approaching. After waiting a week to respond, Dell notified GV that it would be seeking to stay the case pending resolution of _ex parte_ reexaminations (EPRs), but that it would not oppose the extension or request to set a _Markman_ hearing date if the stay was not granted.

GV moves the Court for an order (1) setting a _Markman_ hearing and (2) extending by approximately sixty (60) days[1] all remaining deadlines in the case to give the parties adequate time

---

[1] The attached Proposed Revised Schedule may add slightly more or slightly fewer than sixty days to the remaining deadlines in the case to account for weekends and holidays.

to conduct general discovery – which, pursuant to the Agreed Scheduling Order (Dkt. No. 42, the "ASO"), does not begin until one business day after the Court issues its *Markman* order – before final contentions and other case deadlines. Counsel for GV has conferred with counsel for Dell who confirmed that, if this case is not stayed,[2] then Dell would not oppose requesting a date for a *Markman* hearing and a sixty-day extension of all remaining deadlines in the case.

## II.    PROCEDURAL BACKGROUND

On March 24, 2025, Judge Pitman entered the ASO. (Dkt. No. 42). The next day, on March 25, 2025, this case was transferred to Judge Albright. (Dkt. No. 47.) Pursuant to Paragraph 3 of the ASO, with limited exceptions for certain categories of discovery, "the parties shall not be required to provide discovery until one business day after the Court issues its *Markman* order." (Dkt. No. 42, ASO ¶ 3.) Currently, GV's Final Infringement Contentions are due April 8, 2026 (*id.* ¶ 10), and Dell's Final Invalidity Contentions are due April 15, 2026 (*id.*). Fact discovery ends August 4, 2026. (*Id.* ¶ 11.) The case is currently set for trial commencing on March 29, 2027. (Dkt. No. 42, ASO ¶ 16.)

The ASO does not set a date certain for a claim construction hearing but instead provides that "[t]he Court shall hold a claim construction hearing on a date to be determined by the Court." (*Id.* ¶ 8(j).) On April 3, 2025, the Court ordered that the "[p]arties shall comply with Judge Albright's [OGP]." (Emailed Remark, 4/3/2025.)

On June 18, 2025, GV moved the Court for entry of a revised scheduling order that "generally tracks the exemplary schedule attached as [Appendix] A to th[e] OGP." (Dkt. No. 57, Mot. for Entry of Scheduling Order at 1 (quoting OGP – Patent Cases (Version 1 Austin, Mar. 5,

---

[2] On March 12, 2026, Dell moved to stay this case pending resolution of *ex parte* reexamination proceedings in the Patent and Trademark Office. (Dkt. No. 79, Mot. to Stay.) GV will separately oppose this motion to stay.

2025) § II(3)).) The proposed revised schedule accompanying GV's motion tentatively set a *Markman* hearing for 9:00 a.m., October 16, 2025. (Dkt. No. 58, Proposed Scheduling Order at 4.) On October 2, 2025, the Court denied GV's motion for entry of a revised scheduling order, ruling that "the parties' existing schedule as shown in ECF No. 42 will continue to control." (Text Order, Oct. 2, 2025.)

Pursuant to the ASO, between July 11, 2025, and October 17, 2025, the parties participated in and completed the claim construction process, including filing their respective claim construction briefs. (Dkt. No. 42, ASO ¶¶ 8(a)-(h); *see also, e.g.,* Dkt. No. 69, GV's Sur-Reply Claim Construction Br.) However, the Court has not scheduled a claim construction hearing pursuant to Subparagraph 8(j) of the ASO. Although the ASO included most of the requirements and deadlines included in the exemplary schedule of Exhibit A to this Court's OGP, in contrast to this Court's ordinary practice, the ASO did not include a date certain for a *Markman* hearing. However, *if* the default two-week interval (provided in the Court's exemplary schedule) between completion of claim construction briefing and the *Markman* hearing were applied in this case, a *Markman* hearing would have occurred on or around October 31, 2025.

Assuming a claim construction order issued within two weeks of the hearing, that would have provided more than 4.5 months of general discovery before the April 8, 2026 Final Infringement Contentions deadline and more than 8.5 months of general discovery before the August 4, 2026, fact completion deadline.

## III.   SETTING A *MARKMAN* HEARING AND EXTENDING THE SCHEDULE TO ALLOW ADEQUATE DISCOVERY WILL KEEP THIS CASE ON TRACK FOR TRIAL IN EARLY- TO MID-2027

Under the ASO, it is possible – if not likely – that GV's Final Infringement Contentions and Dell's Final Invalidity Contentions will be due before a *Markman* hearing, before the Court

issues its claim construction order, and before the parties have conducted discovery other than the limited discovery provided for in Paragraph 3 of the ASO. However, even if the Court were to conduct a *Markman* hearing this month and issue its claim construction order within two weeks, GV would have no time to conduct general discovery before serving its Final Infringement Contentions, only 4 months until the August 4, 2026, close of fact discovery, and only 4.5 months until opening expert reports. Any of the foregoing possible outcomes would prejudice GV and Dell.

To reduce this prejudice, GV seeks an order setting a *Markman* hearing at the Court's earliest convenience and extending the remaining schedule by approximately sixty (60) days.[3]

## IV.    CONCLUSION

For the foregoing reasons, GV respectfully moves the Court for an order setting a *Markman* hearing at its earliest convenience, vacating the March 24, 2025 ASO (Dkt. No. 42), and entering the Revised Scheduling Order attached as Exhibit 1 hereto.

Dated: March 16, 2026                                 Respectfully submitted,

                                                              */s/ Matthew G. McAndrews*

                                                              Peter J. McAndrews
                                                              pmcandrews@mcandrews-ip.com
                                                              Matthew G. McAndrews
                                                              mmcandrews@mcandrews-ip.com
                                                              Rajendra A. Chiplunkar
                                                              rchiplunkar@mcandrews-ip.com
                                                              McANDREWS, HELD & MALLOY, LTD.
                                                              500 West Madison St., 34th Floor
                                                              Chicago, IL 60661
                                                              Telephone: (312) 775-8000
                                                              Facsimile: (312) 775-8100

---

[3] *See* n.1 *supra*.

Geoff Culbertson
gpc@texarkanalaw.com
Kelly Tidwell
kbt@texarkanalaw.com
PATTON, TIDWELL
  & CULBERTSON, LLP
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233

*Attorneys for Plaintiff,*
GENERAL VIDEO, LLC


## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Matthew G. McAndrews*
Matthew G. McAndrews


## CERTIFICATE OF CONFERENCE

The parties have complied with the meet and confer requirement and the motion is submitted as conditionally opposed as described therein.

*/s/ Matthew G. McAndrews*
Matthew G. McAndrews

5