# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

GENERAL VIDEO, LLC,

      Plaintiff,

    v.

DELL INC. and DELL TECHNOLOGIES INC.,

      Defendants.

CIVIL ACTION NO. 1:24-cv-01530-RP

JURY TRIAL DEMANDED

## **REVISED SCHEDULING ORDER**

The following Revised Scheduling Order is issued by the Court:

1.    The party asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **February 25, 2025**, and each opposing party shall respond, in writing, on or before **April 8, 2025**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorneys' fees and costs at the conclusion of trial.

2.    Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **March 18, 2025**.

3.    The parties shall serve initial disclosures on or before **March 18, 2025**. Other than the disclosures, interrogatory responses, and document productions required by Paragraphs 4, 6, and 9 below, the parties shall not be required to provide discovery until one business day after the Court issues its Markman order. The fact discovery pursuant to Subparagraphs 9(a)-(c) below commences on **March 18, 2025**.

1

4.  Infringement Contentions. On or before **March 19, 2025**, General Video shall serve a disclosure of asserted claims where such asserted claims are limited to no more than ten claims from each patent and not more than a total of 50 claims and preliminary infringement contentions (and accompanying document production) containing the following information: a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found; the priority date that Plaintiff contends each asserted claim is entitled to, along with all evidence supporting that priority date; a copy of the file history for the patent-in-suit. To the extent General Video seeks to amend its contentions to add additional patent claims, General Video must seek leave of Court and establish good cause to amend. The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court (a) within 30 days of the Court's Markman ruling or (b) so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so timely upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

5.  A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **May 13, 2025**.

6.  Invalidity Contentions. On or before **May 19, 2025**, Dell shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the defendant contends are indefinite or lack written description under § 112, and (3) an identification of any claims Dell contends are directed to ineligible subject matter under

§ 101. The § 101 contention shall (1) identify the alleged abstract idea, law of nature, and/or natural phenomenon in each challenged claim; (2) identify each claim element alleged to be routine and/or conventional; and (3) to the extent not duplicative of §§ 102/103 prior art contentions, prior art for the contention that claim elements are routine and/or conventional. Dell shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including source code where applicable and necessary, sufficient to show the operation of the accused product(s).

7.      The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **March 6, 2026**.  This paragraph does not provide permission for the parties to amend pleadings without leave of court.

8.      The following schedule shall apply to claim construction proceedings in this case:

   a.      On or before **July 11, 2025**, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

   b.      On or before **July 25, 2025**, the parties shall concurrently exchange proposed constructions.

   c.      On or before **August 1, 2025**, the parties shall exchange a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and a preliminary identification of any expert witnesses they contend support their respective claim constructions. With respect to any expert witness, the parties must also provide a brief description of the substance of that witness' proposed testimony.

d.  On or before **August 8, 2025**, the parties shall meet and confer to narrow the terms in dispute.

e.  On or before **August 29, 2025**, Dell shall file its Opening Claim Construction Brief with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

f.  On or before **September 19, 2025**, General Video shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

g.  On or before **October 3, 2025**, Dell shall file its Reply Claim Construction Brief with supporting evidence. The page limit for the Reply Claim Construction Brief shall be 15 pages, exclusive of the caption, signature block, any certificate, and exhibits.

h.  On or before **October 17, 2025**, General Video shall file its Sur-Reply Claim Construction Brief with supporting evidence. The page limit for the Sur-Reply Claim Construction Brief shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

i.  No later than 10 days before the claim construction hearing, the parties may submit optional technical tutorials to the Court.

j.  The Court shall hold a claim construction hearing on a date to be determined by the Court.

9.  Notwithstanding the stay of fact discovery set out in Paragraph 3 above, the following fact discovery shall commence on March 18, 2025:

a.  Dell will produce copies of the following that can be found after a reasonable search: (1) communications between Dell and MPEG LA concerning the DisplayPort Patent Portfolio; and (2) all dated versions of, and/or dated revisions to, "DisplayPort Attachment 1" received or obtained by Dell before the August 30, 2024, filing of General Video's Complaint (Dkt. No. 1).

b.  Dell will respond to up to five (5) interrogatories propounded by General Video, which interrogatories will be directed to the following subject matters:

- Non-infringement contentions;

- Unit sales of the accused products as identified in Appendix A to the Complaint (Dkt. No. 1-15) by quarter beginning 6 years prior to the Complaint;

- An identification, to the extent known and reasonably accessible, of the DisplayPort hardware and software components in Dell products (not limited to the accused products identified in Appendix A to the Complaint (Dkt. No. 1-15)) from the period from August 18, 2018, to the present;

- Dell's first awareness of each of the asserted patents and each version of, and/or revision to, "DisplayPort Attachment 1," including when Dell received or obtained each dated version of, and/or dated revision to, "DisplayPort Attachment 1" produced pursuant to Subparagraph 9(a)(2) above.

c.  General Video will respond to up to five (5) interrogatories propounded by Dell, which interrogatories will be directed to the following subject matters:

- Validity contentions;

- For each Asserted Patent, the identification of each licensee and the terms of each associated license;

- For each Asserted Patent, the ownership history of the patent and the terms of each transaction in the ownership chain;

- FRAND commitments or other encumbrances on the Asserted Patents.

d. Discovery from third parties is open.

Discovery pursuant to Subparagraphs 9(a)-(c) above commences on **March 18, 2025**. Nothing in this Paragraph 9 or this Agreement shall be construed as a limitation on discovery allowed after lifting of the stay of fact discovery set out in Paragraph 3 above.

10. On or before **June 8, 2026**, General Video shall serve its Final Infringement Contentions. On or before **June 15, 2026**, Dell shall serve its Final Invalidity Contentions. After these respective dates, leave of Court based on good cause is required for any amendment to final infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to timely amend if new information is identified after initial contentions.

11. The parties shall complete fact discovery on or before **October 5, 2026**.

12. All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) (i.e., burden of proof expert reports) on or before **October 19, 2026**. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) (i.e., rebuttal expert reports) on or before **November 16, 2026**. Any expert depositions shall be completed by **December 9, 2026**.

13. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony on or before **December 23, 2026**. Each motion shall be limited to 10 pages, and the parties are allowed one motion per expert. Each

response shall be filed and served on all other parties not later than 21 days after the service of the motion(s) and each response shall be limited to 10 pages. Each reply shall be filed and served on all other parties not later than 14 days after the service of the response and each reply shall be limited to 5 pages.

14.    All dispositive motions shall be filed on **January 11, 2027**, and shall be limited to 20 pages. Responses shall be filed and served on all other parties on **February 1, 2027**, and shall be limited to 20 pages. Any replies shall be filed and served on all other parties on **February 15, 2027** and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

15.    The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

16.    This case is set for jury trial commencing at 9:30 a.m. on _____. Jury selection may be conducted by a United States Magistrate Judge the Friday before the case is set for trial. Given that many cases resolve before trial, the Court may set a criminal case and several civil cases for the same trial week. The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose

sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

Signed on _____, 2026.

                                                     _____

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE