# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| |
|---|
| GENERAL VIDEO, LLC<br><br>              v.<br><br> DELL INC. and<br> DELL TECHNOLOGIES INC. |

Civil Action No. 1:24-cv-01530-ADA

## SUPPLEMENTAL PROTECTIVE ORDER

WHEREAS the Court entered a "Protective Order" on October 2, 2025, to govern discovery in the above-captioned matter (*see* D.I. 66);

WHEREAS Paragraphs 24 and 25 of that Order allow non-parties to avail themselves of the provisions and protections of that Order, and WHEREAS paragraph 25 states that a Supplemental Protective Order may be necessary to protect third party source code;

WHEREAS the Plaintiff General Video, LLC and Defendants Dell Inc. and Dell Technologies, Inc. (individually, "Party," and collectively, "Parties") have agreed to the amendments and supplemental provisions described and explained herein to provide additional protections for a Third Party which has or intends to produce documents, things, or information pursuant to subpoenas dated February 1, 2026, including source code in connection with discovery in this action (the "Third Party") and which Third Party will designate its documents, things, or information "THIRD PARTY CONFIDENTIAL," "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY," "THIRD PARTY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE";

THEREFORE, the Parties hereby stipulate and agree, subject to the Court's approval, that the following provisions shall amend and/or be considered supplements to the "Protective Order"

such that the provisions of this "Supplemental Protective Order" and the provisions of the "Protective Order" apply to discovery provided by Third Party. The definitions in the "Protective Order" apply to this "Supplemental Protective Order." To the extent that there is any conflict between the definitions, terms, provisions, and/or restrictions of the "Protective Order" and the definitions, terms, provisions, and/or restrictions of this "Supplemental Protective Order," then the definitions, terms, provisions, and/or restrictions of this "Supplemental Protective Order" shall govern.

For clarity, the provisions of this "Supplemental Protective Order" apply only to documents, things, and information designated as "THIRD PARTY CONFIDENTIAL," "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY," "THIRD PARTY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE" that are produced by Third Party pursuant to subpoenas dated February 1, 2026. The provisions of this "Supplemental Protective Order" will not apply to other non-parties, including Intel, Advanced Micro Devices (AMD), NVIDIA, Qualcomm, Realtek, Cypress Semiconductor, Broadcom, Via Licensing Alliance, Panasonic, Phillips, Texas Instruments, Sharp, Lattice Semiconductor, and Video Electronics Standards Association (VESA), that, prior to or after the date of this filing, have produced or will produce documents, things, or information pursuant to subpoenas with a date other than February 1, 2026 without these additional protections, or pursuant to other supplemental protective orders the parties have filed.

A.    Paragraph 1 of the "Protective Order" is hereby amended by adding the following sentence to the end of the paragraph: Third Party may designate Protected Material as "THIRD PARTY CONFIDENTIAL," "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY," "THIRD PARTY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or " THIRD

PARTY RESTRICTED CONFIDENTIAL SOURCE CODE" a in the manner described in Paragraphs 2-4. Collectively, this information shall be referred to as "THIRD PARTY DESIGNATED MATERIAL." Each of these designations shall result in the documents, things, or information so designated being provided with the same protections and subject to the same conditions of use and access as specified in the "Protective Order" for Protected Material that has been designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and "RESTRICTED CONFIDENTIAL SOURCE CODE" respectively.

B.    For the sake of clarity, with regard to all subparagraphs of Paragraph 11 and all amendments and supplements herein, an entity producing "Source Code Material" can be a non-party who produces documents, things, or information as part of discovery in this action.

C.    Paragraph 11(a) of the "Protective Order" is hereby amended to add the following at the end of the paragraph: The foregoing terms and provisions apply to Third Party Source Code Material with the exception that (i) Third Party is only required to provide one stand-alone laptop source code computer; (ii) the stand alone source code computer will have at least a 16" monitor, (iii) Third Party is not required to attach a printer to the stand-alone computer; (iv) Third Party can, but is not required to, disable the ability to have external storage devices attached to the Source Code Computer, but no external storage devices may be attached to the Source Code Computer other than by Third Party; and (v) Third Party shall not be required to modify, reconfigure, customize, compile, build, or otherwise alter its source code, systems, or review environment for the benefit of any Receiving Party; and (vi) Third Party's obligations are limited to making source code available for inspection as maintained in the ordinary course of business. Receiving party source code reviewer(s) shall be prohibited from bringing any electronic devices which have any

camera or other recording devices into the source code review room.  Further, no reviewer shall at any time copy, transcribe, or otherwise recreate any portions or sections of THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE into any notes.  When Third Party makes its Source Code Material available for inspection by representatives of one Party, said Source Code Material also shall be made available for inspection by the other Party's representatives with the latter inspection not to be held concurrently with the former.

D.     Paragraph 11(b) of the "Protective Order" is hereby amended to add the following at the end of the paragraph: The foregoing terms and provisions apply to Third Party Source Code Material with the exception that reasonable business hours shall be defined as 8:30 a.m. to 5:30 p.m. Third Party may implement reasonable monitoring, logging, or supervision of review sessions to ensure compliance with this Order. All access to and review of Third Party Source Code Material, including scheduling, logistics, technical issues, print requests, and any disputes arising under this Supplemental Protective Order, shall be coordinated exclusively through Outside Counsel of record. No Receiving Party, reviewer, expert, or vendor shall communicate directly with the Third Party regarding such matters except through Outside Counsel absent agreement of the Third Party.

E.     Paragraph 11(e) of the "Protective Order" is hereby amended to add the following at the end of the paragraph:  If Third Party Source Code Material is quoted or set forth in a pleading, infringement contention, or expert report, the Party quoting or including Third Party Source Code Material will limit the amount of such Third Party Source Code Material to what is reasonably necessary for the party to make its point.  Absent Third Party's consent (which will not be unreasonably withheld), an excerpt of programming language text may not exceed fifteen (15) continuous lines of code, excluding blank lines.

F. For the sake of clarity, with regard to Paragraph 11(f), the terms and provisions of that paragraph apply equally to Third Party's Source Code Material which must be labeled as "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE."

G. Paragraph 11(g) of the "Protective Order" does not apply to Third Party, but rather the following paragraph applies to electronic copies: No electronic copies of THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE shall be made without prior written consent of the Third Party.

H. Paragraph 11(h) of the "Protective Order" does not apply to Third Party, but rather the following paragraph applies to printouts and photocopies of THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE: Other than the copies provided by Third Party pursuant to paragraph 11(l), the Receiving Party shall not make any additional printouts or photocopies of THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE without the prior written consent of the Third Party.

I. Paragraph 11(i) of the "Protective Order" does not apply to Third Party, but rather the following paragraph applies to printouts and photocopies of THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE: No printouts or photocopies of THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE may be transferred to electronic media without the prior written consent of the Third Party. Likewise, no electronic media containing THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE may be printed or photocopied without the prior written consent of the Third Party.

J. For the sake of clarity, with regard to Paragraph 11(j), the terms and provisions of that paragraph apply equally to Third Party's Source Code Material.

K. Paragraph 11(k) of the "Protective Order" is hereby amended to add the following

at the end of the paragraph: In the event air travel is needed for a deposition, the Source Code printouts, or electronic copies of the source code if provided pursuant to paragraph 11(l), shall be carried on and not placed in checked luggage by the traveling attorney or witness.

L. Paragraph 11(l) of the "Protective Order" does not apply to Third Party, but rather the following paragraph applies to Source Code Material produced for inspection by Third Party: A Receiving Party is allowed to designate specific portions of the Source Code Material at the time of inspection by creating pdf files (saved in a folder on the desktop of the Source Code Computer) of the portions of code the Receiving Party wishes to be printed and produced. Designations for printing are restricted to what is necessary for use in a filing, in an expert report, at a deposition, or at a hearing, *i.e.*, only the portions of the Source Code Material that address the specific functionality relevant to the claims and defenses in this action. A Receiving Party is not entitled to designate passages to facilitate review of the Source Code Material away from the room in which the Source Code Computer is located. A Receiving Party is not permitted to take photographs, screenshots, or the like of any Source Code Material or the folder structure of any Source Code Material. No Receiving Party shall create or maintain any summaries, descriptions, characterizations, or other derivative works of the Third Party Source Code Material except as necessary for filings, expert reports, or testimony in this litigation. Any such permitted derivative materials shall be treated as THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE. Third Party will print the designated portions of the Source Code Material, Bates number the printouts, and label the printouts with the legend "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE." Within five (5) business days of being provided with all of the designated portions of the Source Code Material, Third Party must either (a) deliver an electronic copy of the designated portions of the Source Code Material to the Parties' respective

Outside Counsel or one (1) paper copy of the designated portions of the Source Code Material to the Parties' respective Outside Counsel and (b) provide notice to the Receiving Party's Outside Counsel of any designated portions that are excessive or were not requested for a permitted purpose.  Third Party shall have sole discretion over the printing process, including timing, format, and method of production. A reasonable request will be presumed for no more than a total of five hundred (500) pages and in any instance when a request is for less than or equal to fifty (50) contiguous pages.  Third Party shall not unreasonably deny requests for additional necessary printouts. These limits may be increased by agreement between Third Party and a Receiving Party or on a showing of substantial need by the Receiving Party.

M.    Paragraph 11 of the "Protective Order" is hereby amended to add the following new section 11(n):  A Party that wants to use any printouts of Third Party Source Code Material at a deposition or at a hearing may use existing copies and may not make additional copies.  If a Party reasonably believes that it needs additional printouts of Third Party Source Code Material for the purposes of the deposition or hearing, it must provide Third Party with five (5) business days advance notice of its need for additional printed copies and identify the required pages by production number.  At the conclusion of the deposition or hearing, all of the additional copies must be returned to Third Party.  Copies of printouts of Third Party Source Code Material may not be attached to any deposition transcripts.  Any copies prepared for use at a hearing that are not admitted into evidence shall be returned to Third Party.  The entire transcript of any deposition at which  Third Party Source Code Material is disclosed must be treated as "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE" for thirty (30) days.  During that period, Third Party or any Party may designate any portion of the deposition transcript as "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE" by giving written notice to the reporter, all

Parties, and Third Party if a Party is making the designation.  Any portions that Third Party or a Party does not designate during that 30-day period will then be treated as "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY," unless the transcript is otherwise designated by Third Party or a Party.  The court reporter shall separately bind and label transcript pages designated as "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY" or as otherwise designated by Third Party or a Party, and separately bind and label transcript pages that Third Party or a Party designates as "THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE."

N.     Paragraph 11 of the "Protective Order" is amended to include the following new section 11(o):  The installation or use on any Third Party source code computer of any compiler, linker, or build management utilities (including but not limited to gcc, g++, javac, make, clang, or cmake) is strictly prohibited. No software, tool, or application may be installed on the source code computer without the prior written consent of the Third Party, which shall not be unreasonably withheld for commercially available review tools that do not permit compilation, execution, or bulk extraction of source code. Any requests for installation of a tool shall be made through Outside Counsel and shall identify the tool, version, functionality, and purpose. Third Party shall not be required to install, configure, troubleshoot, or support any requested tools and may decline installation that would impose burden, risk, or security concerns.

O.     For the sake of clarity, with regard to Paragraph 12, the terms and provisions of that paragraph apply equally to Third Party and "THIRD PARTY CONFIDENTIAL," "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY," "THIRD PARTY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or " THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE".

P.     The "Protective Order" is amended to include the following new Paragraph 32: A

Receiving Party may host THIRD PARTY DESIGNATED MATERIAL only on either (1) any system inside the firewall of a law firm representing the Receiving Party, or (2) inside the system of a professional ESI vendor retained by counsel of record of the Receiving Party. THIRD PARTY DESIGNATED MATERIAL may not be sent or transmitted to any person, location, or vendor outside of the United States. To the extent that any THIRD PARTY DESIGNATED MATERIAL is transmitted from or to authorized recipients, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., FedEx), or by encrypted electronic means. THIRD PARTY RESTRICTED CONFIDENTIAL SOURCE CODE and any information derived therefrom shall be used solely for purposes of this litigation and not for any business, competitive, personal, or other purpose.

Q.	The "Protective Order" is amended to include the following new Paragraph 33: Nothing in this Order shall limit Third Party's use of its own documents, things, and information nor shall it prevent Third Party from disclosing its own confidential documents, things, or information to any person.

R.	The "Protective Order" is amended to include the following new Paragraph 34: If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any THIRD PARTY DESIGNATED MATERIAL, the Receiving Party must so notify Third Party, in writing (by email) promptly, and in no event no more than five (5) calendar days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this "Supplemental Protective Order."  In addition, the Receiving Party must deliver a copy of this "Supplemental Protective Order" promptly to the party in the other action that caused the subpoena

or order to issue. The purpose of imposing these duties is to promptly alert the interested parties to the existence of this "Supplemental Protective Order" and to afford Third Party an opportunity to try to protect its confidentiality interest in the court from which the subpoena or order issued. Third Party shall bear the burdens and the expenses of seeking protection in that court of its DESIGNATED MATERIAL. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

SO ORDERED this ____ day of _____, 20__.

_____
Alan D. Albright
United States District Judge

**EXHIBIT A**
**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**
**BY THE "SUPPLEMENTAL PROTECTIVE ORDER"**

I, _____, [print or type full name] state: My business address is __;

1.      My present employer is _____;

2.      My present occupation or job description is _;

3.      I have been informed of and have reviewed the Supplemental Protective Order entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in the matter of *General Video, LLC v. Dell Inc. and Dell Technologies Inc.*, Case No. 1:24-cv-01530-ADA, in the United States District Court, For the Western District of Texas, in accordance with the restrictions in the Supplemental Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to the Supplemental Protective Order.

4.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

[Signature]

Executed On _____

_____

[Printed Name]

11

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF THIRD PARTY IN THIS CASE**

I, _____ [print or type full name], of

_____ am not an employee of the Party who retained me

and will not use any information, documents, or things that are subject to the Supplemental

Protective Order in *General Video, LLC v. Dell Inc. and Dell Technologies Inc.*, Case No. 1:24-cv-

01530-ADA, for any purpose other than this litigation. I agree not to perform hardware or software

development work or product development work intended for commercial purposes related to the

information disclosed in the THIRD PARTY DESIGNATED MATERIAL, from the time of receipt

of such material through and including the date that I cease to have access to any material

designated "THIRD PARTY RESTRICTED – ATTORNEYS' EYES ONLY" or "THIRD PARTY

RESTRICTED CONFIDENTIAL SOURCE CODE."

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

_____

[Signature]

Executed On _____

_____

[Printed Name]

12